UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARIAN OWENS, | Case No. 3:21-cv-00307-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| WILLIAM A. GITTERE, *et al.*, | |
| Respondents. | |

Petitioner Darian Owens, a *pro se* Nevada inmate, commenced this habeas action by filing a petition for writ of habeas corpus. (ECF No. 1-1 ("Petition").) This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Owens's motion for pppointment of counsel (ECF No. 1-2 ("Motion")). For the reasons discussed below, the Court directs service of the Petition and will grant the Motion.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Owens challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark ("state court"). *See Nevada v. Darian Owens*, Case No. C-14-300761-2.[2] On November 25, 2015, the state court entered a judgment of conviction for

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]The Court takes judicial notice of the online docket records of the Eighth Judicial

nine counts of conspiracy to commit robbery, 11 counts of burglary while in possession of a firearm, 10 counts of robbery with use of a deadly weapon, and one count of possession of a firearm by an ex-felon. The court imposed a sentence of 32-consecutive terms of life without the possibility of parole pursuant to the large habitual criminal statute.

The Nevada Supreme Court affirmed the conviction. In March 2018, Owens filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Owens then filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief in July 2021, and a remittitur issued the following month.

On July 20, 2021, Owens initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court previously instructed Owens to resolve the filing fee, and Owens timely complied. (ECF Nos. 3, 5.) The Court, having conducted an initial review, will direct service of the Petition.

In regards to Owen's Motion, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interest of justice. Owens is serving lengthy consecutive sentences of life without the possibility of parole. Owens's Petition may raise relatively complex issues and it is unclear whether Owens will be able to adequately articulate his claims in proper person with the resources available

---

District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

to him. Therefore, Owens's Motion is granted.

It is therefore ordered that Petitioner Darian Owens's motion for appointment of counsel (ECF No. 1-2) is granted.

It is further ordered that The Federal Public Defender ("FPD") is provisionally appointed as counsel and will have 30 days to undertake direct representation of Owens or to indicate the office's inability to represent Owens in these proceedings. If the FPD is unable to represent Owens, the Court will appoint alternate counsel. The counsel appointed will represent Owens in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Owens at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is directed to file Petitioner Darian Owens's petition for writ of habeas corpus (ECF No. 1-1).

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

///

The Clerk of Court is further directed to send a copy of this order to Owens, the Nevada Attorney General, the FPD, and the CJA Coordinator for this division.

DATED THIS 28th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE