UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DARIAN OWENS,<br><br>　　　　　　　　Petitioner,<br>v.<br>WILLIAM A. GITTERE, *et al.*,<br>　　　　　　　　Respondents. | Case No. 3:21-cv-00307-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

Petitioner Darian Owens, an individual incarcerated at Ely State Prison, initiated a habeas corpus action under 28 U.S.C. § 2254 and filed a First-Amended Petition (ECF No. 18 ("Petition")). Before the Court is Respondents' Motion to Dismiss the Petition (ECF No. 27 ("Motion")). Owens filed a response (ECF No. 28). Respondents did not reply. For the reasons discussed below, the Court grants the Motion in part and denies it in part.

**II.　BACKGROUND**

In 2015, a jury convicted Owens of conspiracy to commit robbery, burglary while in possession of a firearm, robbery with use of a deadly weapon (some involving victims 60 years of age or older), attempted robbery with use of a deadly weapon, and possession of a firearm by an ex-felon. (ECF No. 22-39.) The state district court adjudicated Owens a large habitual criminal and sentenced him to 32 consecutive sentences of life imprisonment without the possibility of parole. (*Id.*) The Nevada Court of Appeals affirmed the judgment on direct appeal. (ECF No. 23-28.)

Owens sought state postconviction relief, but his claims were denied without entry of findings of fact and conclusions of law. (ECF Nos. 23-36, 23-44, 23-45, 24-1, 24-4.) Owens appealed and the Nevada Supreme Court ordered a limited remand directing the state district court to enter findings of fact and conclusions of law. (ECF Nos. 24-7, 24-

13.) The state district court did so, and the Nevada Supreme Court affirmed in part, reversed in part, and remanded for consideration of certain claims that the state district court had omitted from its consideration. (ECF Nos. 24-14, 24-17, 24-26.) The state district court denied relief for the omitted claims and the Nevada Supreme Court affirmed the denial of relief. (ECF No. 24-29, 24-36.) Remittitur issued on August 9, 2021. (ECF No. 24-39.)

### III.   DISCUSSION

#### A.   Exhaustion of Grounds 1, 3, and 4

##### 1.   Legal Standard—Exhaustion

A petitioner must exhaust state court remedies for a federal habeas corpus claim before presenting them to the federal courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement ensures the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his [or her] federal claims when he [or she] has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). Full and fair presentation requires that a petitioner present the substance of his or her claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. *See Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009) (citing *Picard v. Connor*, 404 U.S. 270, 278 (1971)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest level of review available in state court. *O'Sullivan*, 526 U.S. at 844-45.

A petitioner may reformulate his or her claims so long as the substance of his or her argument remains the same. *See Picard*, 404 U.S. at 277-78 ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations

in the legal theory or factual allegations urged in its support.") (internal citations and quotation marks omitted). Thus, a petitioner may provide additional facts in support of a claim to the federal habeas court so long as those facts do not fundamentally alter the legal claim that was presented to the state courts. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (holding that supplemental evidence did not fundamentally alter the legal claim considered by the state courts); *Weaver v. Thompson*, 197 F.3d 359, 364-65 (9th Cir. 1999) (holding that facts adduced at an evidentiary hearing did not change the factual basis of a claim). A claim is unexhausted, however, if additional alleged facts place the claim in a significantly different and stronger evidentiary posture than the claim that was presented to the state courts. *See Dickens v. Ryan*, 740 F.3d 1302, 1318-19 (9th Cir. 2014). "[T]his rule allows a petitioner who presented a particular [ineffective assistance of counsel] claim, for example, that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim." *Poyson v. Ryan*, 879 F.3d 875, 895 (9th Cir. 2018) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)). However, "[i]t does not mean . . . that a petitioner who presented an ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim." *Id.*

### 2.   Legal Standard—Procedural Default and *Martinez*

A claim that has not been fairly presented may be deemed technically exhausted if the petitioner has defaulted on the claim in state court and no longer has a remedy in that court. *Woods*, 764 F.3d at 1129 (citing *Coleman,* 501 U.S. at 732). Where a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," review of the claims in federal habeas proceedings "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must establish that some external and objective factor

3

impeded efforts to comply with the state's procedural rule. *See, e.g.*, *Maples v. Thomas*, 565 U.S. 266, 280, 289 (2012) (finding cause to excuse procedural default due to attorney abandonment but remanding for a determination of prejudice); *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (holding that, for cause to exist, the external impediment must have prevented the petitioner from raising the claim). "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors . . . at trial created a *possibility* of prejudice,' but rather that the constitutional violation 'worked to his *actual* and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) (citing *Murray v. Carrier*, 477 U.S. 478, 494 (1986) and quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

With one exception, Nevada's cause and prejudice standards are functionally identical to the federal standards for cause and prejudice. *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Mitchell v. State*, 122 Nev. 1269, 1273-74 (2006). That exception is for a procedurally defaulted claim of ineffective assistance of trial counsel in accordance with *Martinez v. Ryan*, 566 U.S. 1 (2012). The Nevada Supreme Court does not recognize *Martinez* as authority for cause to overcome a state procedural bar under Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 570-76 (2014). Thus, a Nevada federal habeas petitioner who relies only on *Martinez* as a basis for overcoming a state procedural bar can successfully argue that the state courts would hold the claim procedurally barred, but that he or she has a potentially viable argument for cause and prejudice under federal law.

Cause to excuse a procedural default of an ineffective assistance of trial counsel claim under *Martinez* exists where: (1) the claim of "ineffective assistance of trial counsel" is "substantial"; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding for the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an ineffective-assistance-of-trial-counsel

4

claim be raised in an initial-review collateral proceeding. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 18-19). A claim is "substantial" if it has "some merit." *Martinez*, 566 U.S. at 14. A claim is "insubstantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 16.

### 3. Ground 1

Ground 1 of the Petition alleges Owens's sentences violate the Eighth Amendment prohibition against cruel and unusual punishment. (ECF No. 18 at 10–12.) Owens claims the sentences are grossly disproportionate to: (A) the crimes because he was only 18 years old when they were committed; and (B) his codefendants, in exchange for guilty pleas, received sentences of only 3 to 12 years and 4 to 13.5 years, respectively.[1] (*Id.*)

Respondents move to dismiss Ground 1(B) as unexhausted alleging that Owens failed to present to the Nevada appellate courts operative facts supporting a claim that his sentence is cruel and unusual because it is disproportionate to the sentences of his codefendants. (ECF No. 27 at 12.) The state court record shows Owens failed to allege operative facts concerning the codefendants' sentences to support his Eighth Amendment claim. (ECF No. 23-20 at 12-14; ECF No. 23-28.) The newly advanced operative facts place Owens's Eighth Amendment claim in a significantly different and stronger evidentiary posture than was presented to the state appellate courts. Accordingly, the Court finds Ground 1(B) is unexhausted.

### 4. Ground 3

Ground 3 of the Petition alleges trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments by failing to investigate and move to suppress Owens's statements to police. (ECF No. 18 at 20-25.) Owens claims counsel should have moved to suppress his statements as: (A) involuntary because Owens was

---

[1] The Court will subdivide claims raised in Grounds 1 and 3 for clarity and reference.

intoxicated; and (B) because they were obtained in violation of *Missouri v. Seibert*, 542 U.S. 600, 617 (2004).[2] (*Id.*)

Respondents contend Owens did not fairly present a *Seibert* claim to the Nevada appellate courts. (ECF 27 at 13.) The state court record demonstrates Owens did not fairly present a claim under *Seibert* to the state courts during the postconviction proceedings. (ECF No. 23-45 at 18-22; ECF No. 24-36 at 4-6.) Thus, the Court finds the claim is unexhausted. Respondents point out that the claim is technically exhausted and procedurally defaulted. (ECF No. 27 at 13-14); *see, e.g.*, NRS §§ 34.726, 34.810. Owens does not suggest any means by which he could overcome the procedural bar in state court or assert *Martinez* as a basis to overcome procedural default. Because Owens alleges trial counsel was ineffective, and the factual basis concerning the claim is not wholly frivolous or without any factual bases, the Court will defer ruling whether Ground 3(B) must be dismissed as procedurally defaulted until the merits of Ground 3 are fully briefed.

Respondents also seek dismissal of Ground 3 to the extent Owens raises a substantive claim that police violated his rights to be free of unreasonable seizures or against self-incrimination because Owens did not raise those claims in the state appellate proceedings. (ECF No. 27 at 12.) The state court record supports Respondents' contention as Owens did not assert a substantive claim that, with respect to his statements, police violated his "constitutional rights to be free of unreasonable seizures, due process of law, a fair trial, and right against self-incrimination" under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (ECF Nos. 23-20, 23-28.) The Court finds Ground 3 is unexhausted as to any substantive claims involving Owens's statements to police.

---

[2] *Seibert* held that *Miranda* warnings given mid-interrogation, after defendant gave unwarned confessions, were ineffective and thus, a confession repeated after warnings was inadmissible at trial. *Seibert*, 542 U.S. at 611-17.

### 5. Ground 4

Ground 4 of the Petition alleges trial counsel was ineffective for failing to investigate probable cause and challenge the legality of a search warrant for a mobile tracking device. (ECF No. 18 at 25-27.) Respondents allege Ground 4 is unexhausted. (ECF No. 27 at 10-14.) The Court finds Ground 4 is exhausted because the Supreme Court of Nevada addressed this claim in its order affirming the denial of the postconviction petition. (ECF No. 24-36 at 3-4.)

### B. Cognizability of Grounds 1 and 4

#### 1. Legal Standard

When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993); s*ee Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) ("[T]o alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis.").

#### 2. Ground 1

Ground 1 of the Petition alleges Owens's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment but also alleges a violation of the Nevada Constitution. (ECF No. 18 at 10-12.) Respondents allege Ground 1 is not cognizable to the extent that it alleges a violation of the Nevada Constitution. (ECF No. 27 at 16-17.) Owens contends the claims in Ground 1 are based on federal law and his mention of the state constitution and state law is for comparison purposes only. (ECF No. 28 at 2-3.) The Court finds Ground 1 is cognizable only to the extent that it alleges violations of federal law.

### 3. Ground 4

Ground 4 of the Petition alleges trial counsel provided ineffective assistance in violation of the state and federal constitutions by failing to investigate probable cause and challenge the validity of a search warrant for a mobile tracking device. (ECF No. 18 at 25-27.) Respondents allege Ground 4 is not cognizable to the extent it alleges a violation of the Nevada Constitution. (ECF No. 27 at 16-17.) Owens contends Ground 4 is based on federal law and any mention of the state constitution or state decisional law is for comparison purposes only. (ECF No. 28 at 2-3.) The Court finds Ground 4 is cognizable only to the extent that it alleges violations of federal law.

### C. Conclusory Grounds

In "Additional Grounds 1-7" of the Petition, Owens alleges:

1. Trial Counsel was ineffective for failing to use a peremptory challenge to strike Juror Number 8 for bias.
2. Trial Counsel was ineffective for failing to request a proposed jury instruction on voluntariness of statements.
3. Appellate Counsel was ineffective for failing to raise and challenge the District Court's abuse of discretion for failing to excuse Juror Number 8.
4. Appellate Counsel was ineffective for failing to raise and challenge the District Court's abuse of discretion for failing to excuse Juror Number 11.
5. Appellate Counsel was ineffective for failing to raise and challenge the District Court's abuse of discretion for failure to recuse itself for implied bias.
6. Appellate Counsel was ineffective for failing to raise and challenge the District Court's failure to give a jury instruction on the voluntariness of statements.
7. Mr. Owens requested an evidentiary hearing.

(ECF No. 18 at 29.) Owens attempts to allege facts supporting Additional Grounds 1-7 by incorporating his superseded petition. (*Id.* (referring to ECF No. 7).) Respondents move to dismiss Additional Grounds 1-7 in the Petition as conclusory because they do not include allegations of specific facts supporting each ground for relief. (ECF 27 at 14-16.)

Owens counters that incorporation of a section of an amended or supplemental brief asking the Court to consider previously filed *pro se* briefs is "incredibly commonplace." (ECF No. 28 at 4 n.1.)

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petition must specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Id.* at 649. Conclusory allegations unsupported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court need not "review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief." *Adams v. Armontrout,* 897 F.2d 332, 333 (8th Cir. 1990). Rather, to comply with Rule 2(c), "a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified." *Id.* at 334.

Rule 10 of the Federal Rules of Civil Procedure permits adoption by reference to other pleadings: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." In the context of habeas corpus proceedings, a petitioner may incorporate by reference an appended supporting brief, through clear and repeated reference to the brief; however, the mere attachment of documents to the petition, without any clear incorporation by reference, is insufficient to incorporate the facts and legal issues of those documents into the petition. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005); *see Walton v. Hill*, 652 F. Supp. 2d 1148, 1170-71 (2009) (although not preferable, a petition could explicitly incorporate by reference arguments set out in exhibits); *see also* Rule 4, Rules Governing Section 2254 Cases in the United

States District Courts (directing the inquiry at the motion to dismiss stage to "the petition and any attached exhibits.").

The Court's Local Rules of Practice provide that claims may not be incorporated by reference to a superseded pleading; they may only be incorporated by specific references to a document that is attached to the federal petition. *See* LR 15-1 (an amended pleading must be complete in and of itself without reference to the superseding pleading and must include copies of all exhibits referred to in the proposed amended pleading); LSR 3-3(a) (a petitioner may not state a claim for habeas corpus relief by incorporating language from a document not attached to the petition; rather, "if a petitioner intends to state a claim by incorporation of language from a separate document, that document must be filed with the petition as an exhibit.") The Court's instructions on its website for habeas corpus petitions explain that "Local Rule LR 15-1 requires that any amended pleading be complete in itself, without reference to any prior pleading" because an amended petition supersedes a prior petition.[3]

Here, the allegations contained in Additional Grounds 1-6 of the Petition fail to state specific facts supporting those claims for relief as required by Rule 2(c) of the Rules Governing 2254 Cases. (ECF No. 18 at 29.) The attempt to incorporate the factual allegations set forth in the superseded petition is prohibited by LR 15-1(a) and LSR 3-3(a). Moreover, the superseded petition was not attached as an exhibit to the Petition. Thus, the Court finds the allegations in Additional Grounds 1-6 are conclusory. Because Owens has not requested an opportunity to file a second amended petition, the Court will dismiss the claims in Additional Grounds 1-6 without prejudice. The Court will defer consideration of the request for an evidentiary hearing in Additional Ground 7 until review on the merits.

---

[3]*See* [2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf (uscourts.gov)](https://uscourts.gov).

## IV. OPTIONS FOR A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds Grounds 1(B) and 3(B) are unexhausted and Ground 3 is unexhausted to the extent it raises a substantive claim that police violated Owens's rights against self-incrimination or unreasonable seizures.

Because the Petition is mixed, Owens has three options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims; (2) file a motion to dismiss the entire Petition without prejudice in order to return to state court to exhaust the unexhausted claims; or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

## V. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 27) is granted in part and denied in part. The Motion is denied as to Ground 4 of the Petition. The Motion is granted as to Ground 1(B), any substantive claims alleged in Ground 3, and the Additional Grounds 1-6, as set forth in this order. The Court defers its decision whether Owens can establish cause and prejudice to overcome the default of Ground 3(B) without prejudice to Respondents' reassertion of defenses in their answer. The Court also defers consideration of the request for an evidentiary hearing contained in Additional Ground 7 until review on the merits of the Petition.

It is further ordered that by April 21, 2023, Owens must either: (a) file a motion seeking dismissal of Grounds 1(B) and the substantive allegations in Ground 3; (b) file a motion to dismiss the entire Petition without prejudice in order to return to state court to exhaust Grounds 1(B) and the substantive allegations in Ground 3; or (c) file a motion for

other appropriate relief, such as a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust Grounds 1(B) and the substantive claims alleged in Ground 3.

It is further ordered that failure to timely comply with this order will result in the dismissal of Owen's mixed Petition without further advanced notice.

DATED THIS 5th Day of April 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE