UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DARIAN OWENS,<br><br>　　　　　　　Petitioner,<br>　　v.<br>WILLIAM A. GITTERE, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:21-cv-00307-MMD-CSD<br><br>ORDER |

　　　　This counseled habeas matter comes before the Court on Petitioner Darian Owens's Motion to Dismiss Unexhausted Claims (ECF No. 38).

　　　　On April 5, 2023, the Court found the petition in this action to be mixed, containing both exhausted and unexhausted claims. (ECF No. 35.) The Court informed Petitioner of his three options: (1) file a motion to dismiss seeking partial dismissal of Ground 1(B) and the substantive allegations in Ground 3; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust Ground 1(B) and the substantive allegations in Ground 3; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust Ground 1(B) and the substantive allegations in Ground 3. (*Id.* at 11-12.)

　　　　Petitioner filed the motion informing the Court of his intent to dismiss Ground 1(B) and the substantive allegations in Ground 3 and pursue his remaining claims. No opposition having been filed by Respondents and the time for doing so having expired, Petitioner's Motion to Dismiss (ECF No. 38) is granted.

　　　　It is therefore ordered that Ground 1(B) and the substantive allegations in Ground 3 are dismissed without prejudice as unexhausted and by Petitioner's request.

　　　　It is further ordered that Respondents will have 60 days to answer the remaining

claims of the petition in this case.

It is further ordered that Petitioner will have 30 days following service of the answer to file and serve a reply brief.

It is further ordered that in the answer, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any additional state court record and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3 and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED THIS 30th Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE