UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARIAN OWENS,<br><br>　　　　　　　Petitioner,<br>　v.<br>WILLIAM A. GITTERE, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:21-cv-00307-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

This habeas matter is before the Court on Petitioner Darian Owens's Motion for Copy of the Docket (ECF No. 47). Also before the Court is Respondents' Motion for Enlargement of Time (ECF No. 48). For the reasons discussed below, the Clerk of Court is directed to strike Petitioner's motion from the record and grants Respondents' motion.

**II.　DISCUSSION**

　**A.　Motion for Copy of Docket**

Petitioner requests a copy of the docket and a waiver of the fee for copies. (ECF No. 47.) "It is well established that district courts have inherent power to control their docket," including the power to strike improperly filed items from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Petitioner filed the notice *pro se* in violation of LR IA 11-6. The Local Rules of Practice state, in relevant part:

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney….

LR IA 11-6(a). This rule further states that an "attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case." *Id*.

Because counsel has been appointed to represent Petitioner, he may not independently file motions before the Court.

### B. Motion for Enlargement of Time

Respondents seek an extension of time to answer the first amended petition.[1] (ECF No. 48.) Petitioner does not oppose Respondents' motion, but requests that this be the final extension of time due to the number of extensions in this matter. (ECF No. 49.) The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant Respondents' motion.

The new deadline approved in this order falls nearly six months after the original deadline set for Respondents to answer the first amended petition. (ECF No. 39.) Lengthy habeas litigation is generally incompatible with the three-year goal set by the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, as well as the purposes served by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 *et seq.*: finality, efficiency, and comity. Based on the lack of progress to date, additional delay may impede this case from reaching a merits determination within three years. Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence.

## III. CONCLUSION

It is therefore ordered that the Clerk of Court strike Petitioner's Motion for Copy of the Docket (ECF No. 47).

It is further ordered that Respondents' motion for enlargement of time (ECF No. 48) is granted. Respondents have until January 15, 2024, to file their answer.

DATED THIS 5th Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although Respondents provide that this is their seventh request to extend, this is Respondents' fourth request to extend time to file their answer.