UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARIAN OWENS,<br><br>　　　　　Petitioner,<br>　v.<br>WILLIAM A. GITTERE, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:21-cv-00307-MMD-CSD<br><br>ORDER |

Petitioner seeks an extension of time to file his reply in support of his amended petition for writ of habeas corpus. (ECF No. 57.) The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

The new deadline approved in this order falls more than four months after the original deadline set for Petitioner to file his reply. (ECF No. 53.) Lengthy habeas litigation is generally incompatible with the three-year goal set by the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*,[1] as well as the purposes served by the Antiterrorism and Effective Death Penalty Act 28 U.S.C. § 2244 *et seq.*: finality, efficiency, and comity. Based on the lack of progress to date, additional delay may impede this case from reaching a merits determination within three years. Accordingly, any future request for extension of time—even if unopposed—will be carefully scrutinized for good cause.

///

---

[1]The CJRA provides that each United States District Court must develop a civil justice expense and delay reduction plan to facilitate the deliberate adjudication of civil cases on the merits, monitor and improve litigation management, and reduce cost and delay. *See also* Fed. R. Civ. P. 1 (noting the rules should be implemented to "secure the just, speedy, and inexpensive determination" of each case). The CJRA mandates the early and on-going judicial management of case progress. *See* 28 U.S.C. § 473(a).

It is therefore ordered that Petitioner's third unopposed motion for enlargement of time (ECF No. 57) is granted. Petitioner has until June 28, 2024, to file his reply.

DATED THIS 7th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE